United States District Court
Western District of Michigan

FILED - GR
February 13, 2019 12:10 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_mkc_   SCANNED BY

CHRISTOPHER PEYTON MAY-SHAW,
              Plaintiff,

1:19-cv-117
Robert J. Jonker - Chief U.S. District Judge
Phillip J. Green - Magistrate Judge

        -against-                           COMPLAINT
                                       42 U.S.C § 1983
The CITY OF GRAND RAPIDS,                Jury Trial
GRAND RAPIDS POLICE DEPARTMENT,          Demanded
DETECTIVE MICHAEL MESMAN, Badge
#218, POLICE OFFICER PETER
THOMPSON, Badge #306, SERGEANT
JONATHAN WU, Badge #535, and
JOHN and JANE DOE 1 through 8,
individually and in their official
capacities,
              Defendants.


  NOW COMES, CHRISTOPHER PEYTON MAY-SHAW, hereinafter "PLAINTIFF", hereby submits His COMPLAINT claiming Constitutional violations of Plaintiff's Fourth, Fifth, and Fourteenth Amendments based on an illegal search of Plaintiff's vehicle parked within the curtilage of His home; the illegal placement of a surveillance van equipped with a Hermit Camera within the curtilage of His home without a warrant; the seizure of Plaintiff's vehicle and U.S. Currency without NOTICE

1

of seizure and due process; and Monell claims.

Plaintiff asks this Honorable Court to consider this Complaint under the standards of Haines v. Kerner, 404 U.S. 519, holding that, a plaintiff proceeding pro-se, the complaint must be considered under a more lenient standard than that accorded "formal pleadings drafted by lawyers."

Plaintiff will show this Court the following.

1. This is a civil litigation action seeking damages against Defendants for committing acts under the color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States. Defendants, while acting in their individual and official capacities as Detectives, Police officers and Vice Unit officers in the City of Grand Rapids, County of Kent, deprived Plaintiff of property without due process of law, made an unreasonable search and seizure of property and other Constitutional violations submitted herein.

This Court has jurisdiction of this action under 42 U.S.C. § 1983 and under 28 U.S.C. § 1343. The jurisdiction of this Court is further invoked pursuant to 28 U.S.C. § 1331.

2. Plaintiff was a resident of Kent County in the City of Grand Rapids, State of Michigan.

2.

3. At all relevant times, The City of Grand Rapids is a municipal corporation organized and existing under the laws of the State of Michigan, and the United States Constitution. Upon information and belief, at all relevant times, Defendant City of Grand Rapids, it's agents, servants and employees operated, maintained and controlled the Police Department of the City, including all police officers.

4. At all relevant times, Defendants Michael Mesman Badge #218, Peter Thompson Badge #306, Sergeant Jonathan Wu Badge #535, John and Jane Doe's 1 through 8, were at all times material to this Complaint, duly appointed detectives, Vice Unit officer's, and Police Officers, employed by the City of Grand Rapids, in Kent County, located 1 Monroe NW, Grand Rapids, MI 49503.

5. Defendants acted in concert in the deprivation of Plaintiff's Constitutional rights.

6. Plaintiff sues all defendants in their individual and official capacities.

7. Plaintiff seeks money damages for violations of his Constitutional rights derived from Defendants actions.

3.

## STATEMENT OF FACTS

8. According to Defendant Michael Mesman, Plaintiff was under an investigation by the GRPD for distribution of narcotics in the Kent County area.

9. During the course of the investigation, Detective Mesman learned, by means of visual surveillance, that Plaintiff lived with his then girlfriend Rasheedah Heath at 4346 Norman Drive, Apt #104, in Grand Rapids Michigan.

10. Defendant resided in an apartment complex, where Detective Mesman admitted that he and other members of the GRPD and Vice Unit came onto the curtilage and surveilled the Plaintiff.

11. Defendant Mesman admitted that, due to physical barriers, a 6 foot fence, and a carport structure, visual surveillance from the street on Norman Drive was impossible, so the officers encroached within the curtilage to view Plaintiff's activity's.

12. Later in the investigation, Detective Mesman and other Defendants decided to place a pole camera on a utility pole that sat off of the property that looked over the 6 foot fence and

4

the carport structure that blocked the officers view from the ground level.

13. The pole camera was connected to the utility pole on or about January 26, 2016.

14. The pole camera recorded Plaintiff's activities in the parking lot as he came and left, as well as when he was at or near his vehicles, gaining entrance or at his trunk.

15. To get a closer view of Plaintiff, in early February of 2016, Defendants encroached within the curtilage and parked a white surveillance utility van equipped with another video recording camera in the parking lot that gathered information.

16. The surveillance van would be dropped off within the curtillage, then subsequently removed. Several dates ~~throughout~~ leading up to February 18, 2016, the utility surveillance van illegally recorded and gathered information.

17. The surveillance van that tresspassed and encroached within the curtillage of the home was not authorized by a Judicial person, and was therefore positioned without a warrant.

18. After several weeks of surveillance from the pole camera and the surveillance van, Defendants decided to encroach and trespass within the curtilage to guard Plaintiff's vehicles without a warrant or exigent circumstances.

19. On February 18, 2016, Defendants illegally trespassed onto the curtilage and seized the parking lot, without a warrant or exigent circumstances, to stand by (2) vehicles of Plaintiff's. One vehicle, a 2015 Chevy Tahoe was parked in a parking spot in front of the home, and the second vehicle, a 2003 BMW 745 was parked under the carport that had the number "4" affixed above the carport, indicating the private parking for Plaintiff's apartment.

20. Without a warrant, Defendants stood within the curtilage of the Home, awaiting the arrival of a canine and its handler to conduct a dog-sniff of Plaintiff's vehicles, and to gather more information.

21. Subsequently, Defendant Peter Thompson responded to the scene. Without a warrant, Defendant Thompson walked his canine "Kilo" inside the carport and within the curtilage to conduct a exterior search of the BMW. The canine alerted to something within the vehicle.

6

22. Defendant Mesman, after receiving information that a positive dog sniff alert was made of the BMW parked within the curtilage, ~~never~~ finally decided to prepare an affidavit for the search warrant, using the illegal dog sniff and other surveillance as a basis for a search warrant.

23. Defendant Mesman included in his affidavit the illegal dog sniff to obtain a warrant, but failed to advise the issuing Judge that the vehicle searched by the canine was parked under a carport within the homes curtilage.

24. Defendant Mesman advised the issuing Judge, in the affidavit, that the vehicle the dog alerted to was parked in a "open parking lot".

25. ~~Ironically,~~ Defendant Thompson also never mentioned in his "follow-up report" that the vehicle was parked within the carport... a part of the ~~~~ home that is protected by the Fourth Amendment.

26. Defendant Mesman obtained a search warrant, after already violating Plaintiff's Fourth Amendment, to search the vehicles and home.

27. Upon searching the home and vehicles, Defendants

7.

discovered and found cocaine, heroin, marijuana and $201,833.16.

28. Defendants seized the $201,833.16 and the 2003 BMW. Plaintiff was never provided Notice of seizure and/or forfeiture by Defendants or Kent County Prosecutors Office.

29. Plaintiff was not at the residence at the time of the search. Plaintiff's then girlfriend arrived on the scene and was eventually arrested and charged with criminal charges.

30. Plaintiff was charged and a warrant was issued by the 61ST District Court. Charges by the State of Michigan were eventually dropped in 2017.

31. In June of 2016 Plaintiff was arrested in New York and was held by authorities for the warrant in Grand Rapids MI.

32. While the Kent County Prosecutors office were informed of my arrest, Plaintiff was still never served OR put on Notice of such forfeiture or seizure of US currency or vehicles, and other property.

8

33. While Plaintiff was held in New York, Plaintiff was not provided due process or Notice of any forfeiture or seizure proceedings that was enforced by the City of Grand Rapids or it's agents at the Prosecuting Attorneys office.

34. When Plaintiff's criminal charges were dropped by the City of Grand Rapids in February 2017, none of Plaintiff's U.S. Currency, vehicle, clothing and other belongings that were taken from his home was not returned by the City of Grand Rapids or the Prosecuting Attorney's office.

35. Since the criminal charges were dropped, and no conviction was sustained by the City of Grand Rapids, the property seized from the home should have been returned.

## FIRST CAUSE OF ACTION

### ILLEGAL SEARCH OF Plaintiff's vehicle PARKED Within THE CARPORT AND Curtilage was violation of 4th Amendment

36. Plaintiff repeats paragraphs 1 through 35, as it fully sets forth herein.

37. Defendants violated Plaintiff's 4th Amendment ~~[struck out text]~~

9

rights when Defendants "encroached and trespassed" onto the curtilage and walked a drug dog into the carport, which is protected by the Fourth Amendment, to conduct an illegal dog sniff without a warrant to do so.

38. As a direct result of Defendants unlawful conduct, Plaintiff sustained injuries. Plaintiff was deprived of his liberty, property, seizure of funds, vehicle, suffered emotional distress, mental anguish, fear and humiliation.

## SECOND CAUSE OF ACTION

Illegal Placement of Surveillance Van Equipped With Video Camera Within the Homes Curtilage Without a Warrant Was 4th Amend. Violation

39. Plaintiff repeats paragraphs 1-through 38 as it fully sets forth herein.

40. Defendants violated Plaintiff's 4th Amendment rights when Defendants "encroached and trespassed" onto the homes curtilage, without a warrant, and placed a surveillance van equipped with a camera to collect information in the parking lot.

41. Defendants van recorded and collected information for several weeks, illegally and without a warrant, within a protected area of the 4th Amendment.

10

42. As a direct result of Defendants unlawful conduct Plaintiff sustained the damages herein before alleged.

## THIRD CAUSE OF ACTION

Seizure of $201,833.16, Vehicle, Clothing and other property Without NOTICE OR Due Process Violated 5th And 14th Amendment

43. Plaintiff repeats paragraphs 1 through 42 as it fully sets forth herein.

44. Defendants, and the City of Grand Rapids, Kent County Prosecutors Office violated Plaintiff's due process, 5th and 14th Amendments rights by depriving Plaintiff of his U.S. Currency, vehicle, Clothing and other property.

45. Defendants deprived Plaintiff of his property by their failure to provide Plaintiff with "NOTICE" that his Currency and other property had been taken.

46. Throughout the entire Criminal proceedings, the City of Grand Rapids, or its agents never provided Plaintiff with a notice to challenge such seizure or forfeiture of above described currency and property.

47. Defendants never provided Plaintiff his due process

11

to contest such forfeiture or seizure.

48. Defendants violated Plaintiff's 5th and 14th Amendment by not providing Plaintiff NOTICE or an opportunity to contest, challenge seizure, which the United States Constitution provides.

49. As a direct result of Defendant's unlawful deprivation of Plaintiff's property, Plaintiff sustained the damages herein before alleged.

## FOURTH CAUSE OF ACTION

### MONELL CLAIM CITY/SUPERVISORY LIABILITY

50. Plaintiff repeats paragraphs 1 through 49 as it fully sets forth herein.

51. Throughout each and every other cause of action listed herein, the City of Grand Rapids and the supervisors of the Defendant officers stated herein and behind the curtain are liable for failing to oversee and audit the conduct of its employees with respect to the 4th Amendment, 5th Amendment and 14th Amendment violations that Plaintiff has endured, specified in this Complaint.

12

52. The Defendant City of Grand Rapids is liable under the doctrine of respondent superior as to all causes of actions herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectful requests Judgment against Defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally; (b) Punitive damages against the individual defendants, jointly and severally; (c) An order to return the $201,833.16, vehicle, clothing etc.; (d) Order defendants to pay filing fee of § 1983; (e) Order defendants to reimburse Plaintiff's attorneys fee of $20,000 for criminal case paid to Mathew Borgula; (f) Such other relief that this Court deems just.

February 10, 2019         /s/ Christopher May-Shaw
                          CHRISTOPHER P. MAY-SHAW
                          REG. No. 11506-040
                          FCI-MILAN
                          PO BOX 1000
                          MILAN, MI 48160

13

Christopher May-Shaw
Reg. No. 11506-040
Federal Correctional Institution
PO Box 1000
Milan, MI 48160

LEGAL MAIL

Cle
U.S
We
110
Gr



TUE 12 FEB 2019

rk of the Court
. District Court
tern District of Michigan
 Michigan Ave NW
nd Rapids, Mich
         49503