UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHRISTOPHER PAYTON MAY-SHAW,

        Plaintiff,

v.

CITY OF GRAND RAPIDS et al.,

        Defendants.
_____/

Case No. 1:19-cv-117

Honorable Robert J. Jonker

## OPINION

This is a civil rights action brought by a federal prisoner against state officials, under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants City of Grand Rapids, Grand Rapids Police Department, Wu, and Unknown Part(y)(ies). The Court will serve the complaint against Defendants Mesman and Thompson.

**Discussion**

I. _Factual allegations_

Plaintiff is presently incarcerated with the Federal Bureau of Prisons at the Milan Federal Correctional Institution. Plaintiff sues Defendants City of Grand Rapids and the Grand Rapids Police Department (GRPD), together with the following GRPD officials: Detective Michael Mesman; Officer Peter Thompson; Sergeant Jonathan Wu; and unknown officials named as John and Jane Doe ##1-8 (Unknown Part(y)(ies)).

Plaintiff alleges that he was under investigation by the GRPD for distributing narcotics in the Kent County area. Plaintiff resided with his girlfriend in an apartment complex, at 4346 Norman Drive, Apt. 4, in Grand Rapids, Michigan. Due to physical barriers, including a six-foot fence and a carport structure, officers could not conduct visual surveillance of Petitioner's address and car from the public street.

Without obtaining a warrant, Defendant Mesman and the other Defendants decided to place a camera on a utility pole, above the line of sight of an officer standing on the ground. The camera was installed on January 26, 2016, and it remained in place for several weeks, recording Plaintiff's activities when he was at or near his vehicle. In early February 2016, in order to get a still closer look at the location, a surveillance utility van was stationed in the apartment parking lot, where it gathered and recorded information.

On February 18, 2016, after several weeks of continuous surveillance of Plaintiff's home and vehicles, Defendants allegedly trespassed into the curtilage of Plaintiff's home without a warrant, in order to stand by Plaintiff's two vehicles. One vehicle (a 2015 Chevy Tahoe) was parked in a spot in front of the home, and the second vehicle (a 2003 BMW 745) was parked in the carport in parking spot "4," the space assigned to Plaintiff's apartment. Defendants stood by

2

the vehicles, awaiting the arrival of a canine and handler to conduct a sniff of the vehicle. Defendant Thompson led his canine into the carport. When the canine alerted to something in the vehicle, Defendant Mesman finally prepared an affidavit seeking an arrest warrant. In his affidavit, Defendant Mesman advised the issuing judge about the dog-sniff search, but he alleged that the vehicle was located in an open parking lot, not in a carport.

Upon receiving a warrant, Defendants searched the vehicles and Plaintiff's home. They discovered cocaine, heroin, marijuana, and $201,833.16. Defendants seized the cash and the 2003 BMW. Plaintiff alleges that Defendants never provided him notice of either the seizure or the forfeiture of those items.

Plaintiff was not at the residence at the time of the search. Plaintiff's girlfriend arrived at the home during the search, and she was arrested and charged with criminal offenses. Plaintiff was charged and a warrant was issued for his arrest by the 61st District Court of Michigan. Plaintiff was arrested in June 2016 in New York, and he was held on the Michigan warrant. In 2017, the State of Michigan dropped the charges against Plaintiff.

Plaintiff contends that the individual Defendants' actions to surveil and trespass on the curtilage of his apartment violated the Fourth Amendment. He also claims that Defendants deprived him of his property without due process, in violation of the Fifth and Fourteenth Amendments. Plaintiff further alleges that Defendants City of Grand Rapids and the Grand Rapids Police Department are liable for the actions of their employees, because they failed to oversee and audit the conduct of those employees.

Plaintiff seeks compensatory and punitive damages, including the return of his forfeited property and the reimbursement of attorney fees incurred in the dismissed criminal prosecution.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating

4

federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. GRPD & City of Grand Rapids

Plaintiff sues the GRPD. It is well settled in Michigan that a police department is not a legal entity capable of being sued in a 42 U.S.C. § 1983 action. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (a city police department is merely an agency of the city, not a legal entity, and therefore is not a proper defendant in a § 1983 lawsuit). Thus, the GRPD is an improper defendant and is entitled to judgment as a matter of law. *Id.*

In addition, Plaintiff fails to state a claim against the City of Grand Rapids. A local government such as a muncipality or county "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, a municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cty. v. Humphries*, 562 U.S. 29, 35-37 (2010) (citing *Monell*, 436 U.S. at 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies

which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe Cty.*, 520 U.S. 781, 784-85 (1997).

Plaintiff's action fails at this first step because his allegations have not identified a policy or custom.  A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff.  *Monell*, 436 U.S. at 690.  Plaintiff has not asserted that there is an official policy.

Plaintiff also has not identified a custom.  The Sixth Circuit has explained that a "custom"

> for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law.  In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy.  It must reflect a course of action deliberately chosen from among various alternatives.  In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cty.*, 103 F.3d at 507 (citations and quotations omitted).  As the Supreme Court has instructed, to demonstrate that a municipality had an unlawful custom, a plaintiff must show that the municipality was deliberately indifferent to "practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 60 (2011).  Plaintiff cites no prior incidents demonstrating a widespread pattern.

In fact, Plaintiff's only allegation concerning the City of Grand Rapids is that it failed to oversee and audit the actions of city employees.  Plaintiff explicitly alleges that he bases his claim solely on the doctrine of "respondeat superior." (Compl., ECF No. 1, PageID.13.)  As the Supreme Court squarely has held, such allegations are insufficient to support a claim of municipal liability.  *Monell*, 436 U.S. at 691; *see also Connick*, 563 U.S. at 60.

### B.   Defendants Wu & Unknown Part(y)(ies)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a

plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."  *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991).

Plaintiff fails to even mention Defendants Wu or the Unknown Part(y)(ies) in the body of his complaint.  His allegations therefore fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

### C. Defendants Mesman & Thompson

On initial review, the Court concludes that Plaintiff's allegations against Defendants Mesman and Thompson are sufficient to state a claim.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants City of Grand Rapids, Grand Rapids Police Department, Wu, and Unknown Part(y)(ies) will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Mesman and Thompson.

An order consistent with this opinion will be entered.


Dated:   May 28, 2019                    /s/ Robert J. Jonker
                                         ROBERT J. JONKER
                                         CHIEF UNITED STATES DISTRICT JUDGE